[Civ. No. 41268. Second Dist., Div. One. Nov. 5, 1973.]

CY H. LEMAIRE et al., Cross-complainants and Appellants, v.
ALL CITY EMPLOYEES ASSOCIATION, CITY OF LOS ANGELES
et al., Cross-defendants and Respondents.

## COUNSEL

Lemaire & Faunce, Steven N. Katznelson, Edward L. Faunce and Mohi, Morales, Dumas & Glasman for Cross-complainants and Appellants.

David Pick for Cross-defendants and Respondents.

## OPINION

**HANSON, J.—**

### BACKGROUND

Sometime prior to commencing the action at bench, the plaintiffs/cross-defendants/respondents herein, the All City Employees Association, City of Los Angeles, a California nonprofit corporation (hereinafter referred to as ACEA), retained the herein named defendants/cross-complainants/appellants (hereinafter referred to as ATTORNEYS) to represent a class of city employees against the City of Los Angeles in a salary and wage dispute. The ATTORNEYS successfully prosecuted the prior "prevailing wage" action in the case entitled Sanders, et al. v. The City of Los Angeles, Los Angeles County Superior Court case No. 806041, recovering a substantial sum. (See *Sanders* v. *City of Los Angeles* (1967) 252 Cal.App.2d 488 [60 Cal. Rptr. 539].) The ATTORNEYS in this prior case were awarded attorneys' fees of 25 percent of the recovery by the trial court. The Court of Appeal reduced the attorneys' fees to 7½ percent of the recovery. The California

State Supreme Court reversed the Court of Appeal and reinstituted the trial court's award of attorneys' fees of 25 percent (an amount in excess of $700,000).[1]

## THE PLEADINGS

In the case at bench, ACEA, Don H. Meyer and Dan F. Watson (officers of ACEA) and other individuals filed a complaint naming the ATTORNEYS as defendants. The thrust of the complaint is directed at recouping from ATTORNEYS part of the attorneys' fees awarded them in the prior action, hereinbefore mentioned (case No. 806041). The six causes of action complaint among other things, alleged intrinsic and constructive fraud on the part of ATTORNEYS by not advising ACEA of the hearings on the awarding of attorneys' fees in the prior action, whereby they were prevented from appearing and objecting. There is a dispute over fee arrangements. The retaining agreements, which were reduced to a series of seven writings, in letter form, during the prosecution of the prior action, are attached to the complaint as exhibits.

The ATTORNEYS demurred to the complaint which was overruled. The ATTORNEYS then filed an answer to the complaint along with a cross-complaint. Cross-defendants demurred to the cross-complaint which was sustained with leave to amend. Thereafter, the ATTORNEYS filed an amended cross-complaint containing four causes of action, specifically naming ACEA, Don H. Meyer and Dan F. Watson as cross-defendants. The ATTORNEYS in their amended cross-complaint sought to recover from cross-defendants on the theories of breach of contract, malicious prosecution and intentional interference with contractual relations. Cross-defendants' general demurrer to the amended cross-complaint was sustained without leave to amend. The court below thereafter dismissed the amended cross-complaint as to cross-defendants ACEA, Don H. Meyer and Dan F. Watson under the provisions of California Code of Civil Procedure section 581, subdivision 3.

---

[1]The California Supreme Court, in *Sanders* v. *City of Los Angeles* (1970) 3 Cal.3d 252 [90 Cal.Rptr. 169, 475 P.2d 201], where the City of Los Angeles contested attorneys' fees, stated at page 263: "Does the city or its departments have standing as aggrieved parties to contest the award of fees?

"No. Any party aggrieved may appeal (Code Civ. Proc., § 938). The liability of defendants was not increased in any way by reason of this award. Costs incurred by them in connection with making the necessary individual deductions was [sic] provided for in the order awarding fees. The only parties 'injuriously affected' by the order for fees are members of the class in whose behalf the action was brought and out of whose recoveries the fees will be paid. They did not appear in objection to the award, did not move to vacate the award, and did not appeal."

The complaint is at issue and is now pending in the trial court as a class action.

Cross-complainants appeal from the sustaining, without leave to amend, of cross-defendants' general demurrer to the amended cross-complaint and from the order dismissing the named cross-defendants.

## DISCUSSION[2]

*Are the Orders Sustaining the General Demurrer to the*
*Amended Cross-Complaint Without Leave to Amend and*
*Dismissing the Named Cross-defendants Nonappealable?*

YES. California has adopted the "one judgment rule." This rule mandates that under California procedure there is ordinarily only one final judgment in an action. ■ A cross-complaint, under this rule, is not considered sufficiently independent to allow a separate final judgment to be entered upon it, unless the judgment or order on the cross-complaint may be considered final as to some of the parties. A judgment is final when it terminates the litigation between the parties on the merits of the case. (*Sjoberg* v. *Hastorf*, 33 Cal.2d 116 [199 P.2d 668]; *Evans* v. *Dabney*, 37 Cal.2d 758 [235 P.2d 604]; *Fleuret* v. *Hale Constr. Co.*, 12 Cal.App.3d 227 [90 Cal.Rptr. 557]; *County of Sacramento* v. *Assessment Appeals Bd. No. 2*, 32 Cal.App.3d 654 [108 Cal.Rptr. 434].)

In the case at bench, we find (1) that all of the cross-complainants are defendants in the underlying complaint, have answered the complaint and the issues framed by the pleadings are joined and the matter is assigned to a trial court for determination; (2) that all of the demurring and dismissed cross-defendants are plaintiffs in the underlying complaint; and (3) that the complaint and amended cross-complaint relate to the same transaction (attorney-client relationship and agreements pertaining thereto in relation to the same litigation hereinbefore described, case No. 806041).

---

[2]Prior to oral arguments before this court, the clerk was instructed to advise both counsel by telephone to be prepared to speak to the appealability of the lower court's orders, although this was not mentioned in the briefs on appeal. At oral argument on October 23, 1973, counsel for appellants withdrew appellants' appeal to the second, third and fourth causes of action. Counsel for appellants and respondents requested that in the event this court held the orders appealed from were nonappealable, that this court render an opinion as to the first cause of action of the amended cross-complaint, both counsel expressly stipulating and consenting to vesting jurisdiction in this court and specifically waiving any lack of jurisdiction.

We hold that since the right to appeal is wholly statutory and the matter at bench does not come within appealable judgments and orders created by statute (Code Civ. Proc., § 904.1), and since none of the exceptions to the one judgment rule appear in this case, and there being no final judgment on the underlying complaint, the orders from which the appeal is taken are premature and nonappealable and that we are without jurisdiction.

The result of the operation of the one judgment rule may appear harsh and warrants explanation. First, the reason for the rule is that an "action normally proceeds to a single judgment on the issues raised by the complaint and cross-complaint, and there is no need for nor right to a separate final judgment on the cross-complaint." (6 Witkin, Cal. Procedure (2d ed. 1971) § 45, pp. 4058-4059.) Second, the appealability of the orders sustaining the demurrer and dismissing the cross-defendants is merely suspended pending final determination of the rights of the parties in respect to the underlying complaint. Thus, it is "no more harsh than any case where a party is forced to stand trial because of an erroneous ruling of a trial court." (*Sjoberg* v. *Hastorf, supra.*) Finally, the fragmentation of an action during the pleading and proof stages on the trial level could delay the expeditious handling on the trial level and clog up the appellate courts by piecemeal appeals. The efficient and orderly administration of justice allows the complaint to proceed to final determination on the trial level, unhampered, unimpeded and uninterrupted by possible protracted delays from appeals on a cross-complaint, with the appellate courts receiving decisions from the trial courts which have finally disposed of the whole subject matter of the litigation for one final review on appeal.

## Can Jurisdiction Be Conferred by Stipulation, Consent or Waiver?

NO. The parties, through counsel, requested this court to render a decision on the appeal, rather than to dismiss on the procedural ground of nonappealability. Once determining that the orders appealed from are nonappealable, we lack jurisdiction. ██ Jurisdiction cannot be conferred upon this court by consent, stipulation or waiver of lack of jurisdiction. Any decision by a court which lacks jurisdiction is ineffectual. Therefore, to render a decision on the appeal would be a futile act. It is the duty of the court, on its own motion, to dismiss an appeal from a nonappealable order. (*Olmstead* v. *West,* 177 Cal.App.2d 652 [2 Cal.Rptr. 443]; *David* v. *Goodman,* 89 Cal.App.2d 162 [200 P.2d 568].) Although the parties

have requested it, we elect not to treat the matter before this court as a petition for writ of mandate.

Appeal dismissed.

Wood, P. J., and Thompson, J., concurred.

On November 30, 1973, the opinion was modified to read as printed above.