113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PROFESSIONAL CREDIT BUREAU, INC., Plaintiff-Appellant,
v.
Richard S. ADELINE, an individual; J. Michael Griffiths, an
individual; Central Insurance Company, Limited, aka Central
National Insurance, defendant; Insurance Processing
Service, Inc.; Chatham Underwriting Management, Inc.;
Kingdom Atlantic, Inc.; Flair Underwriting Management,
Inc.; Dai Ichi Kyoto Reinsurance Company; Dai Ichi Holding
Co., Defendants-Appellees.
BPN, INC., dba: Classic Plan, Plaintiff-Appellee,
v.
Richard S. ADELINE, Defendant-Appellant.
 Nos. 96-55293, 96-22703.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1997.*
Decided May 14, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CV-93-06938-TJH, CV-93-69388-TJH; Terry J. Hatter, Jr., District Judge, Presiding.
 C.D.Cal.
 REVERSED.
 Before: PAMELA ANN RYMER and SIDNEY R. THOMAS, Circuit Judges, and OWEN M. PANNER**, Senior District Judge.
 MEMORANDUM***
 BPN, Inc. ("BPN") appeals the district court's dismissal of its action for fraud, breach of contract, and RICO violations against Richard S. Adeline. Adeline cross-appeals the district court's denial of his motion for attorneys' fees and costs. We reverse and remand.
 Adeline filed two motions to dismiss, both on January 29, 1995. In one motion, he argued that BPN lacked the power to commence a legal action because of its failure to comply with California law. In the second, Adeline claimed that the default judgments awarded BPN against Adeline's co-defendants divested the district court to proceed with the suit against Adeline under the "one judgment rule." The district court entered a two sentence order dismissing the case without specifying the basis upon which the order was issued.
 Because the district court could have granted the motion to dismiss on either of two grounds, we must examine both grounds to determine if either would sustain the judgment. See, e.g., United States ex rel. Lujan v. Hughes Aircraft Co., 67 F.3d 242, 244-45 (9th Cir.1995) (where district court could have dismissed action under two possible rationales, both rationales are examined on appeal).
 The California one judgment rule deals not with jurisdiction of the trial court, but rather with jurisdiction of the state appellate court. The rule prohibits appellate consideration of rulings prior to the final adjudication of the entire cause. See, e.g., Environmental Protection Info. Ctr., Inc. v. Johnson, 170 Cal.App.3d 604, 613 n. 5, 216 Cal.Rptr. 502, 507 n. 5 (1985); Elmore v. Imperial Irrigation Dist., 159 Cal.App.3d 185, 190, 205 Cal.Rptr. 433, 436-37 (1984) (citing Bank of Am. Nat'l Trust & Sav. Ass'n v. Superior Court of Los Angeles County, 20 Cal.2d 697, 701, 128 P.2d 357, 360 (1942)). More fundamentally, the one judgment rule is a rule of California civil procedure which does not apply to federal civil procedure. See Sanders v. Lemaire and Mohi, 35 Cal.App.3d 106, 109-10, 110 Cal.Rptr. 507, 509-10 (1973). If the district court relied on this rule to grant Adeline's motion to dismiss, it would have erred in doing so.
 Adeline also argued in the district court that BPN's suit should be dismissed because BPN did not register with California as a corporation doing business under a fictitious name[1] and Professional Credit was suspended[2] on December 1, 1994. Adeline relied on his counsel's inability to locate information about BPN after utilizing a computer legal research service. In an untimely reply brief, BPN requests the panel to take judicial notice that at all relevant times, BPN was a California corporation in good standing, attaching documentation in support of its request. BPN also correctly argues that Professional Credit's suspension on December 1, 1994 is irrelevant since it occurred well after Professional Credit exited the suit, BPN having substituted as party plaintiff on August 5, 1993.
 The district court made no findings on this issue, and it would be inappropriate to grant judicial notice of this disputed fact with the meager facsimiled documentation that BPN has provided. See Fed.R.Evid. 201(b). Accordingly, we reverse the district court's order dismissing BPN's action and remand to determine whether BPN has the power to bring this action.
 REVERSED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cal.Bus. & Prof.Code § 17918 prohibits any person transacting business under a fictitious business name or his assignee from commencing a legal action until the fictitious business name is registered with the State. See Cal.Bus. & Prof.Code §§ 17900-17930
 
 
 [2]
 A California corporation may have its corporate powers suspended for failure to pay the corporate franchise tax. Cal.Rev. & Tax.Code §§ 23301, 23302 (West 1992). A suspended corporation lacks the legal capacity to prosecute or defend a civil action or to appeal from an adverse judgment. Reed v. Norman, 48 Cal.2d 338, 343, 309 P.2d 809, 812 (1957)