[No. B107899. Second Dist., Div. One. Jan. 30, 1998.]

BELFA KAY MONTGOMERY, Plaintiff and Appellant, v. CAL ACCOUNTANTS MUTUAL INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

Ira Jacoves for Plaintiff and Appellant.

Kolod, Wager & Gordon, Scott M. Kolod, Jerome A. Wager and Laleaque Grad for Defendant and Respondent.

OPINION

**SPENCER, P. J.—**

### INTRODUCTION

Plaintiff Belfa Kay Montgomery appeals from a summary judgment in favor of defendant Cal Accountants Mutual Insurance Company. We affirm.

### STATEMENT OF FACTS

In September 1987, Brett Cleaver (Cleaver) and Michael Beck (Beck) asked plaintiff to become a partner in their accounting firm. Plaintiff was hesitant to do so: She had given up accounting some years before; she had allowed her license as a certified public accountant to lapse. She was nonetheless intrigued by the prospect of becoming a partner in the firm. They discussed buy-in amount and compensation, deciding all partners would share equally in the firm's profits.

The firm added plaintiff's name to its own, changing its name to Cleaver, Beck, Blank, Stein & Montgomery. It added plaintiff's name to its letter-head, listing her as a partner.

On December 19, 1987, plaintiff signed a letter to Fred S. James & Company, insurance agents, written on Cleaver, Beck, Blank, Stein &

Montgomery letterhead; she was identified below her signature as a partner in the firm. On January 11, 1988, Cleaver wrote to Fred S. James & Company advising them that plaintiff had been made a partner in the firm so that she could be added to the firm's insurance policy; plaintiff signed Cleaver's name to this letter, followed by her own initials.

Effective January 1, 1988, plaintiff was added as an insured to an Accountants Professional Liability Insurance Policy issued by defendant to Cleaver, Beck, Blank, Stein & Montgomery. On the declarations page, the named insured is set forth as the firm of Cleaver, Beck, Blank, Stein & Montgomery and the individual partners, including plaintiff are listed. Under article 2, paragraph (b), of the policy, if the named insured is a partnership, the partners also are insured under the policy. The partners listed on the declarations page would "be conclusively presumed to constitute all such individuals . . . at the effective date of this policy."

Effective January 1, 1992, the firm renewed the policy. At that time, the firm was a corporation named Cleaver, Beck, Blank & Company; Cleaver, Beck and Merle Blank were listed as stockholders. Paragraph (d) of article 5, which covers exclusions, provides: "This policy does not apply . . . to any *Claim* or *Multiple Claim* made in part or whole by any *Insured* or a present, former or prospective employer, proprietor, partner, officer, principal, director, owner, shareholder, employee or *Related Individual* of any *Insured*." (Italics in the original.)

On February 28, 1992, plaintiff filed a lawsuit against Cleaver, Beck, and Cleaver, Beck, Blank & Company. The firm tendered defense of the lawsuit to defendant. Defendant denied coverage, based in part on the foregoing exclusion from coverage. The lawsuit was settled by agreement, the parties stipulating to a judgment in plaintiff's favor in the amount of $180,000. On plaintiff's motion, the court in that action determined the settlement was made in good faith and complied with the requirements of the Code of Civil Procedure.

The settlement agreement provided plaintiff would attempt to collect damages from defendant only. Cleaver, Beck, Blank & Company then assigned to plaintiff any potential rights it had against defendant.

CONTENTION

Plaintiff contends the trial court erred in granting summary judgment in defendant's favor, in that she was never legally a partner of the Cleaver, Beck accounting firm and was not a prospective partner of the firm,

and she sued the firm as an investor, not a partner. For the reasons set forth below, we disagree.

## DISCUSSION

█ Summary judgment properly is granted if there is no question of fact and the issues raised by the pleadings may be decided as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Mars* v. *Wedbush Morgan Securities, Inc.* (1991) 231 Cal.App.3d 1608, 1613 [283 Cal.Rptr. 238].) Inasmuch as summary judgment is a drastic procedure and should be used with caution (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 35 [210 Cal.Rptr. 762, 694 P.2d 1134]), the moving party's papers are strictly construed, while the opposing party's papers are liberally construed (*Brantley* v. *Pisaro* (1996) 42 Cal.App.4th 1591, 1601 [50 Cal.Rptr.2d 431]; *Pekarek* v. *City of San Diego* (1994) 30 Cal.App.4th 909, 912 [36 Cal.Rptr.2d 22]). To secure summary judgment, a moving defendant may prove an affirmative defense, disprove at least one essential element of the plaintiff's cause of action (*Albert* v. *Southern Pacific Transportation Co.* (1994) 30 Cal.App.4th 529, 533 [35 Cal.Rptr.2d 777]; *Chevron U.S.A., Inc.* v. *Superior Court* (1992) 4 Cal.App.4th 544, 548 [5 Cal.Rptr.2d 674]) or show that an element of the cause of action cannot be established (*Gribin Von Dyl & Associates, Inc.* v. *Kovalsky* (1986) 185 Cal.App.3d 653, 663 [230 Cal.Rptr. 50]). (Code Civ. Proc., § 437c, subd. (o)(2); see *Hanooka* v. *Pivko* (1994) 22 Cal.App.4th 1553, 1558 [28 Cal.Rptr.2d 70].)

Notwithstanding the strict construction given the moving party's evidence and the liberal construction given to that of the opposing party, the opponent has the burden of showing triable issues of material fact do exist; he or she may not rely on the pleadings. (*Cornelison* v. *Kornbluth* (1975) 15 Cal.3d 590, 596 [125 Cal.Rptr. 557, 542 P.2d 981]; *Tresemer* v. *Barke* (1978) 86 Cal.App.3d 656, 668 [150 Cal.Rptr. 384, 12 A.L.R.4th 27].) As noted in *Hunter* v. *Pacific Mechanical Corp.* (1995) 37 Cal.App.4th 1282 [44 Cal.Rptr.2d 335], "[a] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. [Citation.]" (At p. 1286.)

█ In determining the propriety of a summary judgment, the reviewing court is limited to facts shown by the evidentiary materials submitted, as well as those admitted and uncontested in the pleadings. (*Sacks* v. *FSR Brokerage, Inc.* (1992) 7 Cal.App.4th 950, 962 [9 Cal.Rptr.2d 306]; *McDaniel* v. *Sunset Manor Co.* (1990) 220 Cal.App.3d 1, 5 [269 Cal.Rptr.

196].) The trial court must consider all evidence set forth in the parties' papers, and summary judgment is to be granted if all the papers submitted show there is no triable issue of material fact in the action, thereby entitling the moving party to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)

On appeal, this court exercises its independent judgment in determining whether there are no triable issues of material fact and the moving party thus is entitled to judgment as a matter of law. (*Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573, 579 [37 Cal.Rptr.2d 653]; *Torres* v. *Cool Carriers A.B.* (1994) 26 Cal.App.4th 900, 904 [31 Cal.Rptr.2d 790].) We must uphold the judgment if it is correct on any ground, regardless of the reasons the trial court gave. (*Biljac Associates* v. *First Interstate Bank* (1990) 218 Cal.App.3d 1410, 1419 [267 Cal.Rptr. 819].)

▆▆▆ The trial court granted summary judgment to defendant based on the exclusion from coverage of claims made by insureds or present, former or prospective partners. Plaintiff first claims she was not a former partner of the accounting firm, in that she could not have been one legally due to the expiration of her license as a certified public accountant. In support of this claim, she relies on Business and Professions Code sections 5071 and 5072.

Business and Professions Code section 5071 provides that no one may "engage in the practice of accountancy as a partnership unless the partnership is registered by the [State Board of Accountancy] under the provisions of Sections 5072 and 5073 . . . ." Section 5072 provides, "[a] partnership engaged in this state in the practice of public accountancy may register with the board as a partnership of certified public accountants" if it meets the specified requirements. "At least one general partner must be a certified public accountant of this state in good standing . . . ." (*Id.*, subd. (a).) "Each partner personally engaged within this state in the practice of public accountancy must be a licensee in good standing of this state . . . ." (*Id.*, subd. (b).) "Each partner not personally engaged within this state must be a certified public accountant in good standing of some state." (*Id.*, subd. (c).)

Since plaintiff was not a licensee in good standing of this state, her partnership in Cleaver, Beck, Blank, Stein & Montgomery contravened the provisions of Business and Professions Code section 5072. For this, the State Board of Accountancy could discipline her and/or her partners in the firm (*id.*, § 5100) or revoke the firm's registration and permit to practice (*id.*, § 5101).

Plaintiff cites no authority for the proposition that a partnership which violates Business and Professions Code section 5072 is void or nonexistent. The code does not support such a proposition; rather, it provides for discipline if an unlicensed person is made a partner of a registered partnership of certified public accountants.

The undisputed evidence shows plaintiff was a partner of the accounting firm. Plaintiff and the firm both held her out to defendant to be a partner and had defendant insure her as a partner, allowing defendant to "conclusively presume[]" she and the other listed persons on the declarations page of the policy were the firm's partners. That she was unlicensed did not preclude her from being a partner.

Plaintiff next argues that, in any event, her claim against the firm did not fall within the policy exclusion, in that she sued the firm as an investor, rather than as a partner. She supports her argument with cases involving the dual capacity doctrine.

In a number of cases, this doctrine is used to provide an exception to the workers' compensation exclusive remedy. (*Weinstein* v. *St. Mary's Medical Center* (1997) 58 Cal.App.4th 1223, 1230 [68 Cal.Rptr.2d 461].) It provides an employer may be held liable for negligent provision of medical services where it provides those services as a medical care provider rather than as an employer. (*Ibid.*) The doctrine also has been used to allow a homeowners association to sue both as a representative of individual homeowners and in its capacity as a management entity. (*Daon Corp.* v. *Place Homeowners Assn.* (1989) 207 Cal.App.3d 1449, 1454-1455 [255 Cal.Rptr. 448].)

The policy provides: "This policy does not apply . . . to any *Claim* or *Multiple Claim* made in part or whole by any *Insured* or a present, former or prospective . . . partner . . . of any *Insured*." (Art. 5, ¶ (d), italics in the original.) "Claim" is defined as "a demand received by any *Insured* for money or services . . . ." (Art. 1, ¶ (b), italics in the original.) Nothing in the article 5, paragraph (d), exclusion distinguishes between claims filed relating to investment advice or actions and those relating to partnership disputes. "Claim" is broadly defined to include any demand for money or services received by the insured. Accordingly, the exclusion by its terms applies, even though plaintiff sued Cleaver, Beck, Blank & Company as an investor rather than as a former partner. Since the exclusion applies and the policy does not cover plaintiff's claim, the trial court properly granted summary judgment in defendant's favor.

The judgment is affirmed.

Vogel (Miriam A.), J., and Masterson, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 15, 1998.