Filed 2/8/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CHUNLEI LEILA GUO,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MOORPARK RECOVERY<br>SERVICE, LLC,<br><br>    Defendant and Appellant. | A159195<br><br>(Alameda County<br>Super. Ct. No.<br>VG07304640) |

Appellant Moorpark Recovery Service, LLC (Moorpark) was denied attorney fees under Code of Civil Procedure section 685.040, which authorizes the recovery of attorney fees incurred for enforcement of a judgment when the underlying judgment includes an award of attorney fees pursuant to a contract.[1] The question is what the statute means by an "award" of fees. The judgment at issue awarded reasonable attorney fees to Moorpark's predecessors-in-interest as prevailing parties, but it did not set a particular amount of fees to be recovered and no costs bill including such fees was ever filed. We conclude that because the underlying judgment awarded reasonable attorney fees, the court's failure to include a specific amount of fees in the

---

[1] Statutory references are to the Code of Civil Procedure unless otherwise indicated.

judgment does not defeat section 685.040. We reverse and remand the case for a new hearing on postjudgment attorney fees.

## I. BACKGROUND

Respondent Chunlei Leila Guo (Guo) was the sole shareholder of Tri-Valley Golden Care, Inc. (TVGC), which operated a day spa in Pleasanton. TVGC entered into a written agreement to sell the spa business and its assets to Svetlana Mazurova and her husband, who formed the corporation Luminary Spa, Inc. (LSI). The sale was financed in part through a promissory note in favor of Guo. Both the sales agreement and promissory note contained provisions allowing a party prevailing in a legal action to recover attorney fees.

After the sale of the spa business, a dispute arose between the parties regarding, among other things, Guo's alleged nondisclosure of outstanding coupons issued for free spa services and Mazurova's alleged failure to make payments under the promissory note. Guo and TVGC filed a civil action for breach of contract and related claims against Mazurova and LSI, who responded by filing a cross-complaint against Guo and TVGC.

A default was taken against TVGC on the cross-complaint and a "JUDGMENT BY DEFAULT AGAINST CROSS-DEFENDANT TRI-VALLEY GOLDEN CARE, INC." was entered for $161,085.58.[2] On November 18, 2008, the trial court denied a

---

[2] Guo was initially represented by counsel but fired her attorney and began representing herself in pro per to save money. As a non-lawyer, she could not represent TVGC and a default was taken.

request for attorney fees by Mazurova and LSI because Guo had been granted leave to file an amended complaint and there was not yet any prevailing party on the contract, as the contractual claims were still pending.  On April 10, 2009, the court filed an "AMENDED JUDGMENT BY DEFAULT AGAINST CROSS-DEFENDANT TRI-VALLEY GOLDEN CARE, INC. AND *ALTER EGO* JUDGMENT DEBTOR CHUNLEI LEILA GUO, JOINTLY AND SEVERALLY[.]"  The order designating Guo an alter ego was affirmed on appeal.  (*Guo v. Luminary Spa, Inc.* (Jan. 27, 2010, A125428) [nonpub. opn.].)[3]

On September 17, 2010, the court entered a "JUDGMENT ON THE FIRST AND SECOND CAUSES OF ACTION OF PLAINTIFF CHUNLEI GUO'S FIRST AMENDED COMPLAINT[,]" providing that Guo would take nothing by way of her claims.  That judgment specifically stated, "Defendants Luminary Spa, Inc. and Svetlana Mazurova are hereby deemed the prevailing parties under Code of Civil Procedure Section 1032 and shall be entitled to recover their costs of suit and reasonable attorney fees in this action as permitted by law."

Mazurova and LSI assigned the judgment to Moorpark for collection.[4]  Moorpark engaged in collection efforts and brought a

---

[3] We take judicial notice of our prior opinion in this matter, (Chunlei *Guo v. Luminary Spa* (Jan. 27, 2010, A125428) [nonpub. opn.].)  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[4] An assignee of the judgment may seek attorney fees for enforcement of the judgment under section 685.040 if the original judgment creditor would be entitled to recovery under that statute.  (*Miller v. Givens* (1994) 30 Cal.App.4th 18, 22.)

3

motion for attorney fees under section 685.040. On October 23, 2018, the court entered an order denying the motion without prejudice to Moorpark submitting further evidence of the reasonableness and necessity of such fees. The order stated, "Moorpark has adequately shown that the Court has the authority to make an award of reasonable attorney's fees incurred in the enforcement of the Amended Judgment entered by the court on April 10, 2009." It granted Moorpark leave to file a second motion for fees.

Moorpark filed a renewed motion to obtain fees under section 685.040. The court denied the motion. Its written order issued October 16, 2019 states, "Although the Judgment provides that the assignors were the prevailing parties and entitled to recover their reasonable attorney's fees, they never filed a Motion for Attorney's Fees and no fees were awarded. [¶] [T]he Court concludes that it cannot award any attorney's fees or paralegal fees to Moorpark because the underlying judgment did not include an award of attorney's fees. [Citation.] Finally, the fact that Judge True indicated in the September 17, 2010 judgment that Luminary Spa, Inc. and Mazurova were prevailing parties entitled to file a motion for attorney's fees does not change the result in this case. In *Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 558, the court held that the judgment creditor[s'] entitlement to an award of postjudgment attorney's fees based on the underlying promissory note and personal guarantees was not sufficient to support an award of fees under Section 685.040 because no attorney's fee award was ever made."

4

Moorpark filed a motion to vacate this order under Code of Civil Procedure section 663, which was denied. Moorpark timely appealed from the October 16, 2019 order denying fees.

## II. DISCUSSION

Moorpark argues the trial court erred in ruling that it was not "awarded" fees in the underlying judgment and therefore cannot recover fees to enforce that judgment under section 685.040. We agree.

"The usual standard of review for an award of attorney fees is abuse of discretion. [Citations.] Here, however, the issue is whether the trial court had the *authority* pursuant to section 685.040 to issue such an award . . . . This is a legal issue, which we review de novo." (*Jaffe v. Pacelli* (2008) 165 Cal.App.4th 927, 934 (*Jaffe*).)

Section 685.040 provides, "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law. Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title *if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5.*" (Italics added.) "Review of section 1033.5, subdivision (a)(10)(A), shows that attorneys' fees may be recovered as costs when authorized by contract." (*Cardinale v. Miller* (2014) 222 Cal.App.4th 1020, 1025.)

5

Pursuant to section 685.040, "there are two requirements before a motion for an award of postjudgment attorney fees may be awarded as costs: (1) the fees must have been incurred to 'enforce' a judgment; and (2) the underlying judgment had to include an award for attorney fees pursuant to Code of Civil Procedure section 1033.5, subdivision (a)(10)(A), which provides that attorney fees may be awarded when authorized by contract." (*Jaffe*, *supra*, 165 Cal.App.4th at p. 935.) If there was an "award" of attorney fees under the contract and promissory note in this case, section 685.040 authorized an award of attorney fees incurred to enforce the judgment.

Although attorney fees were not awarded on the cross-complaint in the "judgment" entered on November 18, 2008 and amended on April 10, 2009, the "judgment" entered on September 17, 2010 on the complaint itself stated that Mazurova and LSI were prevailing parties entitled to attorney fees. Under the "one final judgment" rule there is generally only a single judgment rendered on a complaint and cross-action involving the same parties and subject matter. (*American Nat. Bank v. Stanfill* (1988) 205 Cal.App.3d 1089, 1095; *Lemaire v. All City Employees Assn.* (1973) 35 Cal.App.3d 106, 110.) We construe the two "judgments" on the main action and cross-complaint as a single judgment that included a determination that Moorpark's predecessors-in-interest were prevailing parties under the contract.

Was this sufficient to trigger section 685.040 when no costs bill was filed, and the court never ordered that a particular dollar

6

amount be paid? We conclude it was. The judgment provided: "Defendants Luminary Spa, Inc. and Svetlana Mazurova are hereby deemed the prevailing parties under Code of Civil Procedure Section 1032 and shall be entitled to recover their costs of suit and reasonable attorney's fees in this action as permitted by law." Although it did not state a dollar amount, this language was unambiguous that Moorpark's predecessors-in-interest were entitled to attorney fees. They were thereby "awarded" such fees under section 685.040.

Case law interpreting section 685.040 recognizes that we look to the judgment rather than the contract itself when determining a party's entitlement to fees. (*Jaffe*, *supra*, 165 Cal.App.4th at p. 935) "An award of such postjudgment attorney fees under section 685.040 is not . . . based on the contract. As explained in *Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal.App.4th 1766, 1770[], 'When a party recovers a judgment for breach of contract, entry of the judgment absolves the defendant of any further contractual obligations, and the judgment for damages replaces the defendant's duty to perform the contract. [Citation.] Upon entry of judgment, all further contractual rights are extinguished, and the plaintiff's rights are thereafter governed by the rights on the judgment, not by any rights which might have been held to have arisen from the contract.' " (*Globalist Internet Technologies, Inc. v. Reda* (2008) 167 Cal.App.4th 1267, 1273–1274; see also *Jaffe*, *supra*, 165

7

Cal.App.4th at p. 934.)[5]  This is sometimes known as extinction by merger.  (*Jaffe*, *supra*, 165 Cal.App.4th at p. 935.)

The judgment in this case provided for an award of fees; it just did not specify an amount.  Guo has not pointed to any policy reason for denying fees under these circumstances.  We agree with Moorpark that it should not be penalized for the failure of its predecessors-in-interest to file a cost bill when they did secure a judgment that identified them as prevailing parties entitled to reasonable attorney fees.  Looking to the judgment rather than the contract, as the merger doctrine requires us to do, the parties' rights and obligations include an obligation by Guo to pay reasonable attorney fees to Mazurova and LSI.  No more is required for section 685.040 to apply.

In reaching a contrary conclusion, the trial court relied on *Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 557 (*Imperial*).  There, the court of appeal affirmed an order denying attorney fees on appeal under section 685.040 where the trial court judgment included an award of reasonable attorney fees, but the judgment creditor had not recovered any fees via a costs bill.  (*Id.*, pp. 544, 557–558.)  Although the appellate court concluded "the judgment itself does not award attorney fees and

---

[5] Section 685.040 originally precluded postjudgment attorney fees that were based on a fee provision in a contract. (*Chinese Yellow Pages Co. v. Chinese Overseas Marketing Service Corp.* (2008) 170 Cal.App.4th 868, 880–881.)  The statute was amended in 1992 to provide for postjudgment attorney fees incurred in enforcing the judgment when the judgment itself included an award of contractually based fees, thus abrogating case law holding to the contrary.  (*Ibid.*)

there is nothing in the record to indicate that the trial court awarded attorney fees pursuant to Civil Code section 1717 or any other statute" (*id*. at p. 558), it did not squarely address the issue presented in this case—whether a judgment that includes an award of "reasonable attorney fees" but not an award of a specified amount is an "award" of fees under section 685.040.

" 'Cases are not authority for propositions not considered.' " (*Emeryville Redevelopment Agency v. Harcros Pigments, Inc.* (2002) 101 Cal.App.4th 1083, 1102.) To the extent the opinion in *Imperial* is inconsistent with our decision today, we respectfully disagree with its implicit conclusion that a judgment awarding reasonable attorney fees is not an award of attorney fees for purposes of section 685.040.

We take no position on whether the fees claimed by Moorpark to enforce the judgment were necessary or reasonable or whether the request for various fees met the criteria of section 685.070, which places various restrictions on a motion for postjudgment fees. We hold only that it should not have been denied fees for enforcement of the judgment based solely on the determination that no fees were awarded in the underlying judgment.

## II. DISPOSITION

The October 16, 2019 order denying postjudgment attorney fees is reversed. The matter is remanded for further proceedings consistent with this opinion. Appellant Moorpark is awarded its costs on appeal.

9

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P.J.

_____

SELIGMAN, J. *

*Guo v. Moorpark Recovery Service* / A159195

_____

    * Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A159195 / Guo v. Moorpark Recovery Service

Trial Court:  Superior Court of Alameda County

Trial Judge:  Honorable Stephen M. Pulido

Counsel:  Law Offices of James Studer; James T. Studer and David R. LeRoy for Defendant and Appellant.

Chunlei Leila Guo, in pro. per., for Plaintiff and Respondent.