Filed 3/22/21  Callahan v. 2241-2249 2nd Street CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| COLTON CALLAHAN, et al.,<br><br>    Cross-complainants and Appellants,<br><br>v.<br><br>2241-2249 2nd Street LLC.,<br><br>    Cross-defendant and Respondent. | A161864<br><br>(San Francisco County Super. Ct. No. CGC-18-567657) |

Defendants and cross-complainants, Colton Callahan and Michael Callahan (the Callahans), purport to appeal from an order granting summary judgment of their cross-complaint in favor of plaintiff and cross-defendant, 2241-2249 2nd Street, LLC, (2nd Street).  2nd Street argues the appeal should be dismissed as premature.  We agree.

### FACTUAL AND PROCEDURAL BACKGROUND

Following a failed business venture to create a cannabis dispensary in Napa, California, Elliot Taylor and Ron Taylor (the Taylors) and 2nd Street sued the Callahans.[1]  In the operative pleading, the third amended complaint ("TAC"), the Taylors and 2nd Street allege various causes of action and seek

---

[1]    Ron Taylor is the managing member of 2nd Street.

1

declaratory relief. The Callahans filed a third amended cross-complaint ("cross-complaint") to the TAC seeking damages and declaratory relief against the Taylors and 2nd Street.[2]

The TAC and cross-complaint involve the same contracts and transactions with respect to the parties interests' in real property located at 2241-2449 2nd Street in Napa, California (the Property), the acquisition of a cannabis dispensary permit (the Permit), and the right to operate a cannabis retail business at the Property.

2nd Street filed a motion for summary judgment as to the cross-complaint arguing, among other things, that the Callahans had no interest in the Property. The trial court granted summary judgment in favor of 2nd Street, finding in relevant part that the undisputed evidence established that the only document purporting to support the Callahans's interest in the Property was invalid under the statute of frauds. The Callahans have appealed this ruling, despite the fact that no judgment has been entered by the trial court.

## DISCUSSION

In California, an appeal may be taken from a final judgment, but not an interlocutory judgment. (Code Civ. Proc., § 904.1, subd. (a)(1).) The California Supreme Court has explained that this rule, also known as the "the one final judgment rule, precludes an appeal from a judgment disposing of fewer than all the causes of action extant between the parties, even if the remaining causes of action have been severed for trial from those decided by the judgment." (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1101.) " 'It is not the form of the decree but the substance and effect of the adjudication which

---

[2] Other parties are involved in the action and cross-action, but their positions are not presently at issue.

2

is determinative.  As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' [Citations.]" (*Griset v. Fair Political Practices Com'n* (2001) 25 Cal.4th 688, 698.)  The theory of the rule is that " 'piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.' [Citations.]" (*Id.* at p. 697.)

Ordinarily, a cross-complaint is not considered sufficiently independent to allow a separate final judgment to be entered upon it, unless the judgment or order is final as to a specific party.  (*Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 118; *Daon Corp. v. Place Homeowners Assn.* (1989) 207 Cal.App.3d 1449, 1456; *County of Santa Clara v. Support, Inc.* (1979) 89 Cal.App.3d 687, 703.) The Callahans maintain that this case comes within the exception to the rule. In their view, the summary judgment ruling finally adjudicates the ownership of the Property in favor of 2nd Street.

This argument fails as 2nd Street's claims against the Callahans are not limited to the ownership of the Property.  Rather, 2nd Street seeks a declaration that the Callahans have no interest in: (1) the Permit or in any cannabis permit in which 2nd Street may have some interest; (2) any lease with 2nd Street; (3) any rights to occupy the Property; (4) any right to operate a cannabis dispensary on the Property; and (5) any ownership interest in any other cannabis projects to which 2nd Street is a party and any right to compensation arising therefrom.

3

Accordingly, even without the Callahans's cross-claims against 2nd Street, the litigation between the parties is far from over. Indeed, trial on the TAC and cross-complaint is set to begin on April 26, 2021. An appeal at this point would be premature and violative of the policy underlying the one final judgment rule.

## DISPOSITION

The Callahans's appeal is dismissed.

                                _____

                                Petrou, Acting P.J.

WE CONCUR:

_____

Jackson, J.

_____

Wiseman, J.*

A161864

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.